IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA,<br>    Plaintiff,<br>  v.<br>KATHY BONILLA,<br>    Defendant.<br>_____/ | No. C 12-2852 CW (PR) |
| STEVEN WAYNE BONILLA, DBA SUNSTATE WHOLESALE TROPICAL NURSERY,<br>    Plaintiff,<br>  v.<br>PACIFIC GROWERS, et al.,<br>    Defendants.<br>_____/ | No. C 12-2863 CW (PR)<br><br>ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS; DISMISSING ACTIONS; TERMINATING ALL PENDING MOTIONS |

    Plaintiff, a state prisoner proceeding pro se, seeks leave to proceed in forma pauperis (IFP) in these two civil actions. The Court previously informed Plaintiff that, in accordance with 28 U.S.C. § 1915(g), he no longer qualifies to proceed IFP in any civil action he files in this Court. See In re Steven Bonilla, Nos. C 11-3180, et seq. CW (PR), Order of Dismissal at 6:23-7:19. The sole exception to this restriction is that Plaintiff may proceed IFP if he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The plain language of the imminent danger clause in § 1915(g) indicates that "imminent danger" is to be assessed at the time of filing of the complaint. See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).

    Here, Plaintiff has not alleged facts that show he was in imminent danger of serious physical injury at the time he filed

these complaints.  Rather, in <u>Bonilla v. Bonilla</u>, C 12-2852, he complains that his sister has denied him an accounting of the proceeds in the living trust established by his father before he died, and in <u>Bonilla v. Pacific Growers</u>, C 12-2863, he seeks monetary damages from the participants of an alleged civil conspiracy that led to his conviction and incarceration.

Moreover, the fact that Plaintiff has been sentenced to death does not, at this time, satisfy the imminent danger requirement. Specifically, he is not in imminent danger of execution because this Court has entered a stay of execution in his pending federal habeas corpus action.  <u>See</u> <u>Bonilla v. Ayers</u>, No. C 08-0471 CW (PR), Docket no. 3.

Accordingly, Plaintiff's request to proceed IFP is DENIED and these actions are hereby DISMISSED.[1]

The Clerk of the Court shall terminate all pending motions, enter judgment and close the files.

IT IS SO ORDERED.

DATED: 6/18/2012

_____
CLAUDIA WILKEN
United States District Judge

---

[1] Plaintiff is not precluded from bringing his claims in future actions in which he pays the full filing fee of $350.00.  However, even if he does so, such actions will be subject to review by the Court to determine whether the claims can go forward.  28 U.S.C. § 1915A.